# EXHIBIT A



New York State Department of Taxation and Finance
**New York State and Local Sales and Use Tax**
# Resale Certificate

**ST-120** (1/11)

| Name of seller NIKE | | | Name of purchaser All The Way Up, LLC | | |
|---|---|---|---|---|---|
| Street address | | | Street address 3806 Broadway | | |
| City | State | ZIP code | City New York | State NY | ZIP code 10032 |

Mark an *X* in the appropriate box: [X] Single-use certificate [ ] Blanket certificate
Temporary vendors must issue a single-use certificate.

**To the purchaser:**
You may not use this certificate to purchase items or services that are not for resale. If you purchase tangible personal property or services for resale, but use or consume the tangible personal property or services yourself in New York State, you must report and pay the unpaid tax directly to New York State. Any misuse of this certificate will result in tax liabilities and substantial penalty and interest.

**Purchaser information** – *please type or print*
I am engaged in the business of Retail and principally sell Clothing and sneakers
*(Contractors may not use this certificate to purchase materials and supplies.)*

**Part 1 – To be completed by registered New York State sales tax vendors**
**I certify that I am:**

[ ] a New York State vendor (including a hotel operator or a dues or admissions recipient), show vendor or entertainment vendor. My valid *Certificate of Authority* number is ______

[X] a New York State temporary vendor. My valid *Certificate of Authority* number is To Be Completed and expires on ______

**I am purchasing:**
[X] **A.** Tangible personal property (other than motor fuel or diesel motor fuel)
- for resale in its present form or for resale as a physical component part of tangible personal property;
- for use in performing taxable services where the property will become a physical component part of the property upon which the services will be performed, or the property will actually be transferred to the purchaser of the taxable service in conjunction with the performance of the service; or

[ ] **B.** A service for resale, including the servicing of tangible personal property held for sale.

**Part 2 – To be completed by non-New York State purchasers**

**I certify that I am** not registered nor am I required to be registered as a New York State sales tax vendor. I am registered to collect sales tax or value added tax (VAT) in the following state/jurisdiction ______ and have been issued the following registration number ______ (If sales tax or VAT registration is not required and a registration number is not issued by your home jurisdiction, indicate the location of your business and write ***not applicable*** on the line requesting the registration number.)

**I am purchasing:**
[ ] **C.** Tangible personal property (other than motor fuel or diesel motor fuel) for resale, and it is being delivered directly by the seller to my customer or to an unaffiliated fulfillment services provider in New York State.
[ ] **D.** Tangible personal property for resale that will be resold from a business located outside New York State.

**Certification:** I certify that the above statements are true, complete, and correct, and that no material information has been omitted. I make these statements and issue this exemption certificate with the knowledge that this document provides evidence that state and local sales or use taxes do not apply to a transaction or transactions for which I tendered this document and that willfully issuing this document with the intent to evade any such tax may constitute a felony or other crime under New York State Law, punishable by a substantial fine and a possible jail sentence. I understand that this document is required to be filed with, and delivered to, the vendor as agent for the Tax Department for the purposes of Tax Law section 1838 and is deemed a document required to be filed with the Tax Department for the purpose of prosecution of offenses. I also understand that the Tax Department is authorized to investigate the validity of tax exclusions or exemptions claimed and the accuracy of any information entered on this document.

| Type or print name and title of owner, partner, or authorized person of purchaser Scott V Spina Jr; Mananger Owner | |
|---|---|
| Signature of owner, partner, or authorized person of purchaser [signature] | Date prepared 06-26-2016 |

**Substantial penalties will result from misuse of this certificate.**

NEW YORK STATE | Department of Taxation and Finance

Office of Processing and Taxpayer Services
W A Harriman Campus, Albany NY 12227–0865

July 11, 2016

1606856034300-AD00

ALL THE WAY UP, LLC
KING OF KICKS
SCOTT V SPINA JR
261 ESSEX AVE
BLOOMFIELD NJ 07003-2810

**We need additional information to process your application for a sales tax *Certificate of Authority*.**

We are unable to process your DTF-17, *Application to Register for a Sales Tax Certificate of Authority*, because:

- one or more of your answers were incomplete, or
- you provided information that does not match our records.

Has any owner, officer, director, partner, employee of the applicant (or, for LLCs, any member or manager of the LLC), in his/her capacity as a person required to collect tax for either this entity or for any other entity for which he/she was a responsible person, been convicted of any tax crime during the past year?
Yes ☐ No ☑

Missing information for Joseph Cartagena.

continued on next page

**Questions?**

- Visit our website
- Call (518) 485-2889

**DLN:** K16107593

**Responsible Person Information:**

| Name (first, middle initial, last, suffix) | | Business title | | |
|---|---|---|---|---|
| Scott V Spina Sr | | Managing Owner | | |
| Home address (number and street; not a PO Box) | City | U.S. state/Canadian province | ZIP/Postal code | Country |
| 261 Essex Ave | Bloomfield | NJ | 07003 | USA |
| SSN | Home phone number | Effective date of assuming responsibility | | |
| 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 | (973) 429-2573 | 07/1/16 | | |
| Email address | | | | |
| Scottykicku9gmail.com | | | | |
| Ownership percentage | Profit distribution percentage, if different than ownership percentage: | | | |
| 75 % | | | | |

| Question | Answer |
|---|---|
| Will this person be actively involved in operating this business on a daily basis? | Yes ☑ No ☐ |
| Will this person be involved in deciding which financial obligations are paid? | Yes ☑ No ☐ |
| Will this person be involved in personnel activity (such as hiring or firing)? | Yes ☑ No ☐ |
| Enter the primary duties: | |
| Will you have check signing authority? | Yes ☑ No ☐ |
| Will you prepare tax returns? | Yes ☑ No ☐ |
| Will you have authority over business decisions? | Yes ☑ No ☐ |
| Are you a tax manager or general manager? | Yes ☑ No ☐ |
| Does this RP have any open, unsatisfied judgments, injunctions, or liens in effect today? | Yes ☐ No ☑ |
| Does this RP have any felony, misdemeanor, and/or administrative charges currently pending? | Yes ☐ No ☑ |
| At any time within the last five years, have there been any judgements, injunctions, or liens issued against this RP? | Yes ☐ No ☑ |
| At any time within the last five years, has this RP had any permit, license, concession, franchise, or lease terminated for cause or revoked for any reason? | Yes ☐ No ☑ |
| At any time within the last five years, has this RP been investigated by any governmental or quasi-governmental agency, including but not limited to federal, state and local regulatory agencies? | Yes ☐ No ☑ |
| At any time within the last five years, has this RP been convicted of a misdemeanor and/or found in violation of any administrative, statutory, or regulatory provisions? | Yes ☐ No ☑ |
| At any time within the last five years, has this RP had any sanction imposed as a result of a judicial, regulatory, or administrative proceeding with respect to any license, permit, concession, franchise, or lease? | Yes ☐ No ☑ |
| At any time within the last five years, has this RP failed to file any applicable federal, state or New York City tax return by the applicable due date? | Yes ☐ No ☑ |
| At any time within the last five years, has this RP failed to pay any applicable taxes or assessed government charges by the applicable due date? | Yes ☐ No ☑ |
| Has any bankruptcy proceeding been initiated by or against this RP within the last seven years? | Yes ☐ No ☑ |
| At any time within the last ten years, has this RP been convicted of a felony and/or any crime related to truthfulness and/or business conduct? | Yes ☐ No ☑ |

If needed, attach an extra sheet using this format.

DLN: K16107593

continued on next page

July 11, 2016

## Certification

I certify that the statements made as part of the DTF-17, *Application to Register for a Sales Tax Certificate of Authority* ("Application"), for the above business, and in response to this notice of additional information required ("Notice") are true, complete, and correct, and that no material information has been omitted. The responses to questions concerning the background of responsible persons other than myself are based on information and belief formed after reasonable inquiry. I further certify that all the persons who are responsible persons for the applicant were properly identified. I acknowledge that the Tax Department will rely on the information supplied in the Application and in response to the Notice in determining whether to issue the requested sales tax *Certificate of Authority*, and that the Application and this response to the Notice will be filed with and become a part of the records of the Tax Department. I make these statements with the knowledge that willfully providing false or fraudulent information in the Application and this response to the Notice may constitute a felony or other crime under New York State Law, punishable by a fine and/or jail. I understand that the Tax Department is authorized to investigate the validity of any information entered on this document, and may request additional information or documentation in connection with the Application. If a *Certificate of Authority* is granted by the department, it is subject to renewal pursuant to Tax Law section 1134(a)(5), and it may be revoked at any time due to any false statement or fraud committed in the application process. I also understand that I am required under New York State Law to promptly notify the Tax Department of any changes to the information supplied in the Application and this response to the notice.

| Name Scott V Spina Jr | SSN 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 | Date 07/15/16 |
|---|---|---|
| Signature [signature] | Title Managing Arro | Daytime phone number (862) 754-3108 |

### What to do next

You must send the requested information within **30 days** of the date of this notice.

- Be sure to sign the certification above and return all pages of this letter.
- Fax your information to (518) 435-8613 or
- Mail your information to:

**NYS TAX DEPARTMENT**
**SALES TAX REGISTRATIONS UNIT**
**W A HARRIMAN CAMPUS**
**ALBANY NY 12227-0865**

If not using U.S. Mail, see Publication 55, *Designated Private Delivery Services*.

If you do not respond within 30 days, we will inactivate your application and you will need to reapply.

**DLN:** K16107593

# EXHIBIT B

# NIKE USA, INC. ACCOUNT AGREEMENT

NIKE USA, Inc. ("NIKE") offers Nike, Jordan, and Hurley branded goods bearing certain of the NIKE Trademarks, as defined below, ("Product") for sale to persons and entities that have been authorized by NIKE to make purchases of such Product. All The Way UP, LLC (the "Applicant") has submitted an application (the "Credit Application") requesting that NIKE accept it as a customer and/or permit it to purchase Product, or, if Applicant is already an approved NIKE customer, requesting that NIKE approve of a particular store location ("Store"). To induce NIKE to consider Applicant's Credit Application, Applicant agrees that the following shall apply if approved as an authorized customer (each approved Applicant is referred to as "Customer"). Customer may from time to time submit orders to NIKE for the purchase of Product. Every purchase order it places (each, an "Order") will be governed by the terms and conditions of sale in effect at the time that Order is received by NIKE (the "Terms and Conditions") and those Terms and Conditions are incorporated into each such Order. The Terms and Conditions that are current as of January 1, 2016 are attached as ***Exhibit A***. This Account Agreement may be referred to as this "Agreement." NIKE and Customer are referred to as "a Party" and collectively as the "Parties."

1. **TERMINATION**: This Account Agreement may be terminated at any time by either Party, with or without cause, upon written notice to the other Party. The notice will be effective (a) immediately, if termination is for cause, and (b) 10 days after receipt, if termination is without cause. Upon termination (i) Customer will no longer place Orders or purchase Product on credit, for cash or otherwise; and (ii) NIKE may cancel or terminate any Order whether or not it had previously been accepted in writing and (iii) NIKE will not in any event ship any Product or otherwise accept any Orders, whether or not the Orders were placed prior to the effective date of the termination, and (iv) the following provisions of this Account Agreement will survive: Section 1 (Termination); Section 3 (Personal Certification of Customer's Representative); Section 4 (Security Agreement); and Section 6 (Restriction on Assignment). Upon termination, the terms, conditions and representations herein shall remain in full force and effect with respect to all Orders accepted by NIKE prior to the date of termination. In addition, the following provisions of the Terms and Conditions will survive expiration or termination of this Agreement: Section 6 (Customer Covenants); Section 7 (General Restrictions); Section 8 (Customer's General Representations, Warranties and Obligations); Section 9 (Trademarks & Brand Promotions); Section 10 (Limited Remedy; Disclaimer of Implied Warranties); Section 11 (Limitation on Damages and Actions); Section 12 (Consumer Warranty Information); Section 14 (Confidentiality); Section 15 (Severability/Waiver/Construction); Section 16 (Attorney's Fees/Governing Law/Forum Selection); and any other provision that, by its nature, is intended to continue in effect following termination of the relationship.

2. **STORE LOCATIONS**: As stated in Section 6.A of the Terms and Conditions, Customer may resell Product only from approved store locations (inclusive of physical "brick and mortar" stores and digital stores such as websites and mobile applications). NIKE may at any time, with or without cause, withdraw its approval of a particular location, in which case Customer will immediately stop displaying, offering to sell, or selling Product from such location, and this Agreement is deemed amended to omit that address. Similarly, if a store is closed for any reason, this Agreement is deemed amended to omit the address of such store.

3. **PERSONAL CERTIFICATION OF CUSTOMER'S REPRESENTATIVE**: The individual executing the Credit Application and this Agreement on behalf of Customer certifies in his or her individual capacity that: (a) he or she is authorized to do so on behalf of Customer; and (b) that to his or her knowledge after reasonable investigation, the contents of and the financial and other data submitted with the Credit Application accurately represent Customer's business, prospects and financial condition as of the date reflected in that information; and (c) there has been no material change in Customer's business, prospects or financial condition between the dates reflected in that information and the date shown.

4. **SECURITY AGREEMENT**: To secure payment and performance of Customer's current and future obligations to NIKE, Customer grants to NIKE a security interest in all Product and in all related displays, fixtures, equipment and promotional items (the "Promotional Items") provided by NIKE, and in each case whether currently in existence or delivered to Customer in the future, and in all accounts receivable, instruments, documents, returns, general intangibles and other proceeds of the Product and Promotional Items (collectively with the Product and Promotional Items, the "Collateral"), in each case whether currently in existence or delivered to Customer in the future. A copy of the Credit Application may be filed as a financing statement, in which case Customer is the debtor and NIKE is the secured party. If Customer defaults in any of its obligations to NIKE, Customer will, at its sole cost and expense, assemble the Collateral and deliver that Collateral to NIKE at any location in the United States reasonably requested by NIKE.

5. **CREDIT CHECK AUTHORIZATION**: Customer's signature on the Credit Application or this Agreement, or Customer's submission of an Order, constitutes Customer's authorization under the Fair Credit Reporting Act for NIKE to (a) utilize customer credit reporting agencies to obtain reports on Customer and any of its affiliates in order to permit NIKE to appropriately evaluate the extension of business credit to Customer and (b) provide information about Customer's payment history and compliance with these terms to credit reporting agencies.

6. **RESTRICTION ON ASSIGNMENT**: Customer will not assign this Agreement, or any right conferred in this Agreement. A change of control of Customer, by stock sale or gift, by merger, by operation of law, by contract, or otherwise, will be deemed an assignment for purposes of this Section. Any purported assignment of this Agreement will be void; the successor entity will not be an authorized NIKE customer unless it has (a) submitted a new credit application; and (b) been approved by NIKE in writing, in its sole discretion, as a new customer; and (c) executed an account agreement in the then-current form.

7. **AMENDMENT; WAIVER**: No modification of this Agreement (including the Terms and Conditions of Sale) will be binding against NIKE unless it is reflected in a written instrument that: (a) expressly states the intent to amend; (b) refers to the provision(s) of this Agreement to be amended; (c) provides the full text of the amendment; and (d) is signed by an authorized representative of NIKE. A Party's delay or failure to enforce or insist on strict compliance with any provision of this Agreement will not constitute a waiver or otherwise modify this Agreement. A Party's waiver of any right granted under this Agreement on one occasion will not (a) waive any other right; (b) constitute a continuing waiver; or (c) waive that right on any other occasion.

8. **APPROVAL**:

- THE APPLICATION WILL HAVE NO FORCE OR EFFECT UNTIL IT HAS BEEN APPROVED BY NIKE AND UNTIL THIS AGREEMENT HAS BEEN SIGNED BY AN AUTHORIZED REPRESENTATIVE OF NIKE.
- CUSTOMER IS NOT AUTHORIZED TO SELL PRODUCT AT ANY RETAIL OUTLET (WHETHER BRICK-AND-MORTAR LOCATION, DIGITAL STORE LOCATION, WEBSITE OR MOBILE APPLICATION) OTHER THAN THAT OR THOSE IDENTIFIED ON THE DOOR LIST OR LIST OF APPROVED WEBSITES OR MOBILE APPLICATIONS ATTACHED AS EXHIBIT B.
- CUSTOMER MUST SUBMIT A SEPARATE APPLICATION FOR EACH ADDITIONAL STORE (INCLUSIVE OF DIGITAL STORES) AND/OR TEAM, AND EACH SUCH APPLICATION MUST BE APPROVED BY NIKE IN WRITING BEFORE IT BECOMES EFFECTIVE.
- APPROVAL BY NIKE OF ONE STORE LOCATION DOES NOT MEAN OTHER STORE LOCATIONS WILL ALSO BE APPROVED. SIMILARLY, APPROVAL BY NIKE OF AN APPLICATION FOR A STORE DOES NOT MEAN THAT THE CUSTOMER IS AUTHORIZED TO SELL PRODUCT BY CATALOGUE, OR THROUGH A WEBSITE OR ANY OTHER ELECTRONIC MEANS.
- NIKE MAY, IN ITS DISCRETION, APPROVE AN APPLICATION FOR THE PURCHASE OF PRODUCTS BEARING ANY COMBINATION OF THE NIKE, JORDAN, OR HURLEY TRADEMARKS.

| | |
|---|---|
| *CUSTOMER IS APPROVED FOR A STORE OR STORES* | YES ☒ NO ☐<br><br>If YES is checked, address(es) of approved store(s) is/are listed on ***Exhibit B*** |
| *CUSTOMER IS APPROVED FOR DIGITAL SALES FROM ITS WEBSITE AND/OR MOBILE APPLICATION* | YES ☐ NO ☒<br><br>If YES is checked, address(es) of approved URL(s) is/are listed on ***Exhibit B*** |
| *CUSTOMER IS APPROVED AS A TEAM DEALER* | YES ☐ NO ☒ |
| *CUSTOMER IS APPROVED FOR A NON-RETAIL ACCOUNT* | YES ☐ NO ☒ |

**IN WITNESS WHEREOF**, the Parties have caused this Account Agreement to be executed and effective as of the date signed below by both Parties' duly appointed representatives.

**All The Way UP, LLC**

By: [signature]

Name: Scott Spina Jr

Title Managing Member

Date: Jul 14, 2016

**NIKE USA, Inc.**

By: Curtis L. Collins

Name: Curtis L. Collins

Title: NIKE Northeast Sales Director

Date: Jul 15, 2016

# All The Way UP, LLC, NIKE Account Agreement

Adobe Sign Document History 07/15/2016

| | |
|---|---|
| Created: | 07/14/2016 |
| By: | NIKE Contract Management (CRANIUM@nike.com) |
| Status: | SIGNED |
| Transaction ID: | CBJCHBCAABAAqdLBiTJ5TpL_6So6YKKbIpEDCJhlxFGN |

## "All The Way UP, LLC, NIKE Account Agreement" History

Document created by NIKE Contract Management (CRANIUM@nike.com)
07/14/2016 - 12:10:48 PDT - IP address: 96.43.151.8

Document emailed to Scott Spina Jr (njnetsv.i.p@gmail.com) for signature
07/14/2016 - 12:10:53 PDT

Document viewed by Scott Spina Jr (njnetsv.i.p@gmail.com)
07/14/2016 - 12:11:19 PDT - IP address: 70.214.98.224

Document signing delegated to svspina@hotmail.com by njnetsv.i.p@gmail.com
07/14/2016 - 12:30:16 PDT - IP address: 70.214.98.224

Document emailed to svspina@hotmail.com for signature
07/14/2016 - 12:30:17 PDT

Document viewed by svspina@hotmail.com
07/14/2016 - 12:47:05 PDT - IP address: 74.102.107.46

Document e-signed by Scott Spina Jr (njnetsv.i.p@gmail.com)
Signature Date: 07/14/2016 - 6:04:10 PDT - Time Source: server - IP address: 70.214.98.224

Document emailed to Curtis L. Collins (curt.collins@nike.com) for signature
07/14/2016 - 6:04:11 PDT

Document viewed by Curtis L. Collins (curt.collins@nike.com)
07/15/2016 - 7:20:15 PDT - IP address: 69.174.87.132

Document e-signed by Curtis L. Collins (curt.collins@nike.com)
Signature Date: 07/15/2016 - 7:20:48 PDT - Time Source: server - IP address: 69.174.87.132

- Signed document emailed to svspina@hotmail.com, NIKE Contract Management (CRANIUM@nike.com), Curtis L. Collins (curt.collins@nike.com) and Scott Spina Jr (njnetsv.i.p@gmail.com)

  07/15/2016 - 7:20:48 PDT

CRANIUM POWERED BY Adobe Sign

# EXHIBIT C


TD Bank

OFFICIAL CHECK

52783486-7

52-0133/112

RE: SCOTT V SPINA JR

DATE 06/28/2016

PAY TO THE ORDER OF 3800 BROADWAY LLC

Eighteen Thousand AND 00/100

$18,000.00

DRAWER: TD BANK, N.A.

AUTHORIZED SIGNATURE

OC-NJ Rev2 9/09

⑈52783486 7⑈ ⑆011201335⑆ 6265019404⑈

TD Bank

OFFICIAL CHECK

52783485-6

52-0133/112

RE: SCOTT V SPINA JR

DATE: 06/28/2016

PAY TO THE ORDER OF 3800 BROADWAY LLC

Fifty Four Thousand AND 00/100

$54,000.00

DRAWER: TD BANK, N.A.

AUTHORIZED SIGNATURE

OC-NJ Rev2 9/09

⑈52783485 6⑈ ⑆011201335⑆ 6265019404⑈

TD Bank

OFFICIAL CHECK

52805917-1

52-0133
112

RE: ALL THE WAY UP LLC

DATE: 07/15/2015

PAY TO THE ORDER OF 2900 BROADWAY LLC

Twenty Seven Thousand AND 00/100

$27,000.00

DRAWER: TD BANK, N.A.

AUTHORIZED SIGNATURE

⑈52805917⑈ ⑆011201335⑆ 6265019404⑈